UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILLY SERIGNE | CIVIL ACTION |
| VERSUS | NO. 06-10052 |
| STATE FARM FIRE AND CASUALTY COMPANY, MARVIN LEBLANC, AND ABC INSURANCE COMPANY | SECTION "R"(1) |

This order also applies to the following civil action.

| | |
|---|---|
| EUGENE LIVAUDAIS AND LAURA LIVAUDAIS | CIVIL ACTION |
| VERSUS | NO. 06-10493 |
| ALLSTATE INSURANCE COMPANY, FRANK CAPELLA III AND ABC INSURANCE COMPANY | SECTION "R"(5) |

### ORDER AND REASONS

Before the Court are motions to remand the above-listed cases. Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for the sake of efficiency. For the following reasons, the Court DENIES plaintiffs' motions.

**I.   BACKGROUND**

Plaintiffs in these cases are Louisiana property owners who suffered damage to their property during Hurricane Katrina and who have sued their insurance providers under their homeowner's policies.  Plaintiffs in the actions listed above have sued both their insurance providers and the agents who sold and/or renewed their policies.  The insurance providers lack citizenship or a principal place of business in Louisiana.  The insurance agents are citizens of Louisiana.  As such, the parties are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Plaintiffs filed their claims in Louisiana state court, and defendants then removed them.  Plaintiffs have filed motions to remand these matters to state court.  In both of these cases, defendants assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the nondiverse insurance agent defendants have been joined improperly.

**II.   LEGAL STANDARDS**

   **A.   Applying Louisiana Law**

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).* In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999))*.* To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003))*.*

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over

the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

    **C.**    **Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* Improper

joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1]  *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).  In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant.  *Id*. at 462-63.  The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant.  *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there must be a reasonable possibility of recovery, not merely a theoretical one.  *Id*.  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.*  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder."  *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

for his or her claim.  *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff."  *Travis*, 326 F.3d at 649.  In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

**III. DISCUSSION**

    **A.    06-10052: Serigne v. State Farm**

Plaintiff Billy Serigne sued State Farm, his homeowner's insurer, and Marvin LeBlanc, his insurance agent, after his property was rendered a total loss by Hurricane Katrina.  State Farm, a foreign insurer with neither citizenship nor a principal place of business in Louisiana, contends that LeBlanc, who is a citizen of Louisiana, is improperly joined because there is no reasonable basis on which plaintiff can state a claim under Louisiana law against LeBlanc.  Specifically, State Farm asserts that plaintiff's claims against LeBlanc are perempted by the terms of La. Rev. Stat. § 9:5606.  The statute provides as follows:

    No action for damages against any insurance agent . . .

>    whether based upon tort, or breach of contract, or
>    otherwise, arising out of an engagement to provide
>    insurance services shall be brought unless filed . . .
>    within one year from the date of the alleged act,
>    omission, or neglect, or within one year from the date
>    that the alleged act, omission, or neglect is
>    discovered or should have been discovered. However,
>    even as to actions filed within one year from the date
>    of such discovery, in all events such actions shall be
>    filed at the latest within three years from the date of
>    the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606. Under the express terms of the statute, regardless of whether plaintiff sued within one year of discovering his cause of action, the claim is still perempted if plaintiff does not bring it within three years of the act, omission, or neglect. La. Rev. Stat. § 9:5606. Further, peremptive statutes are not subject to suspension. *Reeder v. North*, 701 So. 2d 1291 (La. 1997).

Based on the allegations set forth in plaintiff's state court petition, the Court finds that Serigne's claims against LeBlanc are perempted. The unrebutted evidence demonstrates that State Farm's policy was initially issued in December 2001. (Def.'s Exs. A, B). The policy has not changed since its issuance, except to be renewed each successive year. (Def's Ex. B). Plaintiff alleges in his petition that LeBlanc failed to advise him of the availability or need for additional flood coverage and that LeBlanc directly or indirectly informed him that his policy would cover "all hurricane damages." (R. Doc. 1-

7

2, at 4). Since plaintiff alleges misrepresentations were made in connection with the issuance of his homeowner's policy, LeBlanc's alleged misconduct occurred in December 2001 when he sold plaintiff the policy. There are no allegations in the original petition of any subsequent misrepresentations in connection with renewals. Accordingly, the renewals do not operate to restart peremption. *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004) (peremptive period ran from the date of purchase because the renewal process did not afford the insurance agent the opportunity to make further misrepresentations about the policy); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003) (same). Serigne's claims against LeBlanc, which were filed in state court on August 29, 2006, are therefore barred by the three-year peremption of La. Rev. Stat. § 9:5606.

As such, the Court finds that plaintiff does not have a reasonable possibility of recovery against LeBlanc and that LeBlanc is improperly joined. The Court thus has jurisdiction over this matter.

**B.   06-10493: Livaudais v. Allstate**

Plaintiffs Eugene and Laura Livaudais sued Allstate, their homeowner's insurer, and Frank Capella III, their insurance agent, after their home was rendered a total loss by Hurricane

8

Katrina.  Allstate, a foreign insurer with neither citizenship nor a principal place of business in Louisiana, contends that Capella, who is a citizen of Louisiana, is improperly joined because there is no reasonable basis on which plaintiff can state a claim under Louisiana law against him.  Specifically, Allstate asserts that plaintiffs' claims against Capella are perempted by the terms of La. Rev. Stat. § 9:5606, *supra*.

   The Court finds that plaintiffs' claims are perempted under any viable legal theory.  Capella submitted an unrebutted affidavit that plaintiffs purchased the policy at issue in October 1988 and renewed the policy every year thereafter.  (Def.'s Ex. A).  The peremptive statute, La. Rev. Stat. § 9:5606, became effective three years after Capella procured the policy but before plaintiffs sustained their uninsured loss.  The statute does not apply if the plaintiffs' cause of action accrued before its effective date.  *See* 1991 La. Sess. Law Serv. Act 764 (West); *Roger v. Dufresne*, 613 So. 2d 947, 949-50 (La. 1993).  The central question to be resolved, therefore, is whether plaintiff's cause of action had already accrued when La. Rev. Stat. § 9:5606 became effective in 1991.  That question must be analyzed under article 3492 of the Louisiana Civil Code, which governed the prescription of this type of action before it was supplanted by La. Rev. Stat. § 9:5606.  *See Roger*, 613 So. 2d at

9

948.  Under article 3492, a plaintiff's cause of action does not accrue until she suffers damage.  *See Cole v. Celotex*, 599 So. 2d 1058, 1064 n.15 (La. 1992) ("[A] *sine qua non* for accrual of a cause of action is damages"); *see also Grenier v. Medical Eng'g Corp.*, 243 F.3d 200, 203 (5th Cir. 2001) (a cause of action for negligence accrues when a claimant is able to allege fault, causation, and damages).

Plaintiffs here do not contend in their petition that they suffered any damage until Hurricane Katrina struck in August 2005 and State Farm denied coverage for their losses.  (R. Doc. 1-2). Accepting plaintiffs' theory that they suffered no damage until 2005, then under article 3492 their cause of action accrued after the effective date of La. Rev. Stat. § 9:5606.  This means that the statute applies to their cause of action, which is fatal to their claims against Capella because the statute contains a three-year peremptive period that runs from the date of the act, omission, or neglect.  The wrongful acts alleged against Nelson occurred in 1988, when plaintiffs purchased their policy. Subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase.  *See Biggers*, 886 So. 2d at 1182-83; *Bel*, 845 So. 2d at 382-83.

Plaintiffs' claims are therefore perempted under La. Rev.

Stat. § 9:5606, and plaintiffs have no reasonable possibility of recovery against Capella.  Accordingly, plaintiffs' motion to remand is denied.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motions to remand.

New Orleans, Louisiana, this 28th day of March, 2007.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE